UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GARY LYNN SCOTT, JR., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | No. 1:22-cv-113 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ALEXANDER FORGEY, JIM HAMMOND, ) | Magistrate Judge Susan K. Lee |
| and MASHALL NEAL PINKSTON, ) | |
| ) | |
| *Defendants.* ) | |

# **MEMORANDUM**

Before the Court are motions to dismiss filed by the three defendants in this matter. Defendant Alexander Forgey filed a motion to dismiss (Doc. 15), to which Plaintiff responded (Doc. 18). Plaintiff also filed a motion to amend his response to Forgey's motion to dismiss (Doc. 19). Forgey filed a reply. (Doc. 22.) Defendant Jim Hammond filed a motion to dismiss (Doc. 20), to which Plaintiff responded (Doc. 23). Defendant Mashall Neal Pinkston[1] filed a motion to dismiss (Doc. 33), to which Plaintiff responded (Doc. 36). For the following reasons, the Court will **GRANT** Plaintiff's motion to amend his response to Forgey's motion to dismiss (Doc. 19), Forgey's motion to dismiss (Doc. 15), Hammond's motion to dismiss (Doc. 20), and Pinkston's motion to dismiss (Doc. 33).

---

[1] Pinkston is listed as "Marshall Neal Pinkston" in Plaintiff's case captions and filings (*see, e.g.*, Doc. 1 at 1) and in the Court's September 6, 2022, order to show cause (Doc. 27). However, his name is actually "Mashall Neal Pinkston," according to the titles in docket entry numbers 32, 33, 34, and 37.

I. **BACKGROUND**

Because the matter is before the Court on a motion to dismiss, the following summary of the facts accepts all factual allegations in Plaintiff's Complaint (Doc. 1) as true. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

On April 18, 2018, NaMeka Shurice Gaines filed a petition for an order of protection against Plaintiff and a hearing in Hamilton County Circuit Court. (Doc. 1 at 5; Doc. 1-2 at 7.) Plaintiff was also charged with harassment in Hamilton County General Sessions Court. (Doc. 1 at 5.) On April 30, 2018, Circuit Court Judge Kyle Hedrick heard the case and dismissed Gaines's petition because she did not prove the allegations in the petition by a preponderance of the evidence. (*Id.*; Doc. 1-2 at 16–17.) Although the protection petition was dismissed, the arrest warrant for harassment remained active. (Doc. 1 at 5.)

On September 8, 2021, Defendant Alexander Forgey, an officer with the Chattanooga Police Department, arrested Plaintiff during a traffic stop because of the arrest warrant for harassment. (*Id.*; *see also* Doc. 1-1 (body camera footage of the arrest)). Plaintiff was subsequently detained at Silverdale Detention Center in Chattanooga, Tennessee, for twenty hours. (Doc. 1 at 6.)

Plaintiff now brings suit against Forgey, a Chattanooga Police Department officer; Hammond, the Hamilton County Sheriff; and Pinkston, the former District Attorney General for Hamilton County. Plaintiff alleges Defendants violated his Fourth Amendment right against unreasonable seizures. (*Id.* at 1.) He seeks $1.5 million in compensatory damages. (*Id.* at 7.)

II. **STANDARD OF REVIEW**

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB*

2

*Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer*, *Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

*Pro se* pleadings filed in civil-rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the

3

Case 1:22-cv-00113-CLC-SKL   Document 39   Filed 11/10/22   Page 3 of 12   PageID #: 137

pleader is entitled to relief." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

Thus, although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpleaded allegations. Indeed, "even in the case of *pro se* litigants . . . leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010).

### III. DISCUSSION

Plaintiff argues that each defendant violated his Fourth Amendment right to be free from unreasonable search and seizure. (Doc. 1 at 3–4.) The Court construes Defendant's complaint as bringing claims under 42 U.S.C. § 1983, which provides a civil cause of action for deprivations of civil rights. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must set forth "facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City*

*of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). The Court will address each defendant's motion to dismiss in turn.

First, the Court must determine in what capacity each Defendant is being sued. "It is well-settled in this Circuit that, absent a clear indication that Section 1983 defendants are being [sued] in their individual capacities, courts must assume that they are being sued in their official capacities, only." *Hawks v. Jones*, 105 F. Supp. 2d 718, 722 (E.D. Mich. 2000) (first citing *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991); then citing *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989)). The Court of Appeals for the Sixth Circuit requires a plaintiff to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593).

Here, Plaintiff did not designate in the caption of his Complaint in what capacity he is suing Forgey nor is there any indication in the text of his Complaint that he is suing Forgey in his individual capacity. Plaintiff's passing reference to Forgey's badge number does not convert his lawsuit from a suit against Forgey's office into one that sufficiently alerts him that he may be personally accountable for any damages liability that may flow from Plaintiff's claim. *Wells*, 891 F.2d at 593. Thus, the Court must conclude Forgey is being sued in his official capacity.

Plaintiff also does not state whether he is suing Pinkston in his individual capacity or his official capacity as District Attorney General for Hamilton County, nor does he state whether he is suing Hammond in his individual capacity or his official capacity as Sheriff of Hamilton County. Given Plaintiff's failure to state whether either Defendant is sued in his individual or official capacity, the Court concludes that both are sued in their official capacity.

5

A.   **Defendant Alexander Forgey**

Plaintiff claims that Forgey, a Chattanooga Police Department officer, violated Plaintiff's Fourth Amendment right during the September 8, 2021, traffic stop Forgey executed. (Doc. 1 at 3.) Forgey had read the harassment complaint to him while transporting him to jail, and Plaintiff said he told him that the case was dismissed. (*Id.* at 4.) Plaintiff claims that Forgey's "negligence" caused his liberty and freedom to be taken from him "unreasonably for approximately 20 hours where I was detained and incarcerated at the Silverdale Detensions [sic] Facility." (*Id*. at 6.)

In support of his motion to dismiss, Forgey argues Plaintiff failed to identify any statute he allegedly violated and Plaintiff failed to cite relevant law supporting his contention that his constitutional rights were violated. (Doc. 16 at 2.) Forgey argues, "even if the Order of Protection was dismissed, the General Sessions harassment case was not dismissed and [he] correctly determined it valid until the General Sessions Judge dismissed that charge on September 23, 2021." (*Id.* at 3.) Thus he argues the traffic stop was "legitimate" and "legal," and he even "properly followed all necessary policies and procedures during the stop . . . including checking with the dispatcher to confirm an active criminal warrant before serving the warrant which resulted in the Plaintiff's arrest." (*Id.*) Finally, Forgey asserts the defense of qualified immunity. (*Id.* at 4.) He argues that his "actions were reasonable and his conduct did not violate the Plaintiff's statutory or constitutional rights when he detained and transported Plaintiff to jail after determining that an outstanding warrant for his arrest was still in effect on September 9, 2021."[2] (*Id.*) Additionally, "[t]here is no way that Officer Forgey could have known that this warrant would be dismissed by the General Sessions Judge on September 23, 2021 at the time of this arrest." (*Id.*)

---

[2] Plaintiff was subjected to a traffic stop on September 8, 2021, but Forgey's investigation of Plaintiff's outstanding arrest warrant occurred during the early morning hours of September 9, 2021. (Doc. 16 at 1.)

In response, Plaintiff argues that "officer Forgey should know the law as a law enforcement professional" and his "job as a law enforcement officer does not give him a right to violate and/or suspend the rights of anyone without due process of law." (Doc. 18 at 2.) He quotes Forgey's oath of office in support. (*Id.*) Plaintiff argues that "officer Forgey could have contacted the District Attorney's office to prevent such egregious actions of incarcerating the plaintiff, taking away his freedom and liberty unreasonably, which is what the fourth amendment addresses." (*Id.*) Plaintiff further argues that the one-year statute of limitation on misdemeanor prosecutions renders unconstitutional his September 9, 2021, arrest because his arrest occurred approximately three years and four months after the harassment charge issued. (*Id.* at 3.) He argues,

> Just because a warrant is still active in [Chattanooga Police Department's] system doesn't make the warrant valid and in agreement with the statutes and the constitutions in place. The City's and County's flawed technology and lack of due diligence in protecting citizen's rights does not give Officer Forgey the right to arrest who he wants when he wants.

(*Id*.)

Plaintiff subsequently filed a motion to amend his response to correct the date in the first sentence. (Doc. 19 at 1.) The Court will **GRANT** this motion to amend (Doc. 19).

Forgey replies to argue that his oath of office is "irrelevant" to Plaintiff's Complaint. (Doc. 22 at 1.) He also reiterates, "a valid warrant existed at the time of the traffic stop and Officer Forgey performed his duty by effectuating an arrest on a valid arrest warrant," so it is irrelevant that the charges against Plaintiff were dropped approximately two weeks after his arrest. (*Id.* at 2.)

A claim against a Hamilton County Officer in his official capacity is treated as being an action against the governmental entity of Hamilton County. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Because Forgey was sued only

in his official capacity as an employee of Hamilton County, the Court must proceed as if Plaintiff has in fact sued Hamilton County. Therefore, in order to prevail, Plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing an official policy or custom adopted by Hamilton County. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 690–91 (1978); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1245–46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and, second, that a policy or custom of the entity—in this case, Hamilton County—caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy—all of which Plaintiff has failed to do in his Complaint. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir.1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted). In his response to Forgey's motion to dismiss, Plaintiff alleges that Forgey could have done more—namely, contacting the District Attorney's office—but that does not amount to a cognizable municipal-liability claim. Plaintiff does briefly reference Hamilton County's allegedly "flawed technology and lack of due diligence" in its warrant system, but he has not pointed to anything unconstitutional about it. Consequently, Plaintiff has failed to state a claim upon which relief can be granted. The Court will **GRANT** Forgey's motion to dismiss.

### B.     Defendant Jim Hammond

Plaintiff claims that Hammond, the Hamilton County Sheriff, violated Plaintiff's Fourth Amendment right by seizing "his person for approximately 20 hrs when he allowed the plaintiff to be jailed in the Silverdale Detension [sic] Center that he is ultimately responsible for when it comes

8

to the incarcerstion [sic] of persons." (Doc 1. at 4.) Plaintiff further argues that Hammond "swore an oath to the people of Hamilton County Tennessee to uphold the Constitution." (*Id.*)

In his motion to dismiss, Hammond first argues that Plaintiff's Complaint is facially deficient because it fails to cite any facts or law to support his claim that his Fourth Amendment right was violated after he was detained pursuant to a valid arrest based on a valid outstanding warrant. (Doc. 21 at 3.) Thus, he argues the Complaint cannot survive under Federal Rule of Civil Procedure 12(b)(6). (*Id.*) Hammond then argues that Plaintiff has failed to allege facts suggesting that his Fourth Amendment right was violated pursuant to a Hamilton County policy, regulation, decision or custom. (*Id.* at 4.) Next, citing *Daniels v. Williams*, 474 U.S. 327 (1986), Hammond argues that the Due Process Clause of the Fourteenth Amendment does not cover governmental negligence. (*Id.*) Finally, Hammond argues that "the documents the Plaintiff included as exhibits to his Complaint in this matter serve to exonerate Sheriff Hammond since the documents make clear that the Plaintiff was detained pursuant to a legitimate outstanding warrant." (*Id.* at 5.) Because Plaintiff's arrest was valid, Plaintiff's detention was also valid because it was based on the same outstanding warrant. (*Id.*)

In response, Plaintiff argues that Hammond held him in jail for twenty hours for "nothing, because no prosecution would follow," which violates Article I, Section 7 of the Tennessee State constitution. (Doc. 23 at 2.) Plaintiff argues,

> What the defendant is in essence saying to the plaintiff, the court, and the public they serve is, "Although according to our own statute of limitations, we're unable to prosecute you for a crime. However, we will proceed to lock you up anyway because our Hamilton County system says we can. We will take away your freedom for however much time we want. Sorry if this inconveniences Mr. Scott. Just be grateful we let you out."

(*Id.*) He then cites Tenn. Code Ann. § 40-2-102, which provides that all misdemeanor prosecutions must commence within twelve months after the offense was committed. (*Id.* at 3.)

9

As previously stated, absent a clear showing otherwise, the Court presumes Plaintiff is suing Hammond in his official capacity as Sheriff of Hamilton County. Plaintiff therefore must demonstrate that the alleged federal constitutional violation occurred because of a municipal policy or custom. *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 694). A plaintiff can do so by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess*, 735 F.3d at 478 (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

Here, the real party in interest in Plaintiff's claim against Hammond in his official capacity as Sheriff of Hamilton County is Hamilton County because it is the governmental entity. To obtain relief under § 1983, Plaintiff must raise a municipal liability claim alleging that the violation of his constitutional rights occurred because of Hamilton County's policy or custom. But Plaintiff has not done so; he has not set forth any facts suggesting that his constitutional rights were violated because of Hamilton County's policy, regulation, decision or custom. Nor has he stated anything that could be construed as a claim for municipal liability under *Monell*. As an authorized decisionmaker for Hamilton County, the Sheriff of Hamilton County can engage in conduct that is properly attributable to the municipality. *Board of Cnty. Comm'rs of Bryan Cnty., Okla., v. Brown*, 520 U.S. 397, 404 (1997). But a plaintiff "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.* In his Complaint, Plaintiff does not allege a direct causal link between the alleged acts of the subordinate, Forgey, and Hammond. Nor does he allege that Hammond committed any unconstitutional act himself. Instead, Plaintiff argues

10

Hammond should be held liable because he is in charge of incarcerating people. But even if Hammond is in charge of the inmates housed at the county jail, Plaintiff does not explain what deliberate choice Hammond made which resulted in Plaintiff's twenty-hour detention at the jail. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court will **GRANT** Hammond's motion to dismiss.

### C. Defendant Mashall Neal Pinkston

Plaintiff claims that Pinkston violated Plaintiff's right under the Fourth Amendment to be free from unreasonable searches and seizures. (Doc. 1 at 4.) Plaintiff argues,

> Because of this defendant's negligence and lack of care in performing his duties for the people he swore an oath to, he aided in the violation of the Plaintiff's right to liberty. With all the senseless and negative police interactions across the United States, defendant Pinkston could have prevented this but didn't.

(*Id.*) Plaintiff argues that Pinkston is liable because "he neglected to cancel the warrant after the 1 year statute of limitation on misdemeanors." (*Id.*)

In his motion to dismiss, Pinkston states that he was a state employee during the time of Plaintiff's arrest and subsequent detention. (Doc. 33 at 2.) He argues that it is well established that the Eleventh Amendment bars any claim for relief—including under § 1983—against him in his official capacity. (*Id.*)

In response, Plaintiff argues that "there is a clear wrong that was done to him by the defendants on September 8th, 2021," so "no jury of his peers will look at this case with all honesty and will agree with the defendant's position at all." (Doc. 36 at 1, 2.) He argues that granting Pinkston's motion "would be giving the defendant permission to carry out similar violations in the future to lock up the plaintiff as well as other people beyond the statutes of limitations, violating their 4th Amendment rights afforded to them by the United States Constitution." (*Id.* at 2.)

11

Here, Plaintiff alleges that Pinkston, acting in his official capacity as District Attorney General for Hamilton County, violated his Fourth Amendment right. In Tennessee, district attorneys general are state officials. Tenn. Code Ann. § 9-4-1101(2) ("'State employee' means any person who is a state official, including . . . district attorneys general."). Neither a state nor its officials acting in their official capacities are a "person" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As a state official acting in his official capacity, Pinkston is not covered by § 1983. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted. The Court will **GRANT** Pinkston's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's motion to amend and the motions to dismiss filed by each of the defendants. Plaintiff's claims will be **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**